POSNER, Circuit Judge.
Illinois’ Concealed Carry Act, 430 ILCS 66/1 et seq., authorizes an Illinois resident to carry, on his person or next to him in a car, a loaded or unloaded firearm as long as it is fully or partially concealed and he (or she) meets the qualifications set forth in the Act. We held in Moore v. Madigan, 702 F.3d 933 (7th Cir. 2012), that the Second Amendment entitles qualified persons to carry guns outside the home; just a few months ago we said that “the constitutional right to ‘keep and bear’ arms means that states must permit law-abiding and mentally healthy persons to carry loaded weapons in public.” Berron v. Illinois Concealed Carry Licensing Review Bd., 825 F.3d 843, 845 (2016). But “qualified,” “law-abiding,” and “mentally healthy” are significant limitations on the right of concealed carry..
The qualifications in the Act are numerous but to decide this case we need consider only a few of them: that the applicant for a concealed-carry license not present a clear and present danger to himself or others or a threat to public safety and not in the last five years have been a patient in a mental hospital, or been convicted of a misdemeanor involving the use or threat of physical force or violence, or been in a residential or court-ordered drug or alcohol treatment program, or have committed two or more violations involving driving under the influence of drugs or alcohol, or be subject to a legal proceeding that could lead to being disqualified to possess a gun. 430 ILCS 66/25, 65/4(a)(2)(iv).
In compliance with Moore v. Madigan, supra, Illinois has authorized residents of Illinois who meet the criteria listed above to obtain concealed-carry licenses. But what about a nonresident of Illinois? Can he or she obtain a right to carry a concealed firearm in Illinois? Yes, but only if he resides in a state or territory that has “laws related to firearm ownership, possession, and carrying, that are substantially similar to the requirements to obtain” an Illinois concealed-carry license, and submits a notarized statement confirming that he is eligible under both federal law and *402 the laws of his home state to own a gun and licensed by that state to carry a gun. 430 ILCS 66/40(b), 66/40(c)(2). A state’s gun laws are deemed “substantially similar” to Illinois’ if the state does the following four things:
1. “regulates who may carry firearms, concealed or otherwise, in public;”
2. “prohibits all who have involuntary mental health admissions, and those ' with voluntary admissions within the past 5 years, from carrying firearms, concealed or otherwise, in public;”
3. “reports denied persons to NICS [National Instant Criminal Background Check System];” and
4. “participates in reporting persons authorized to carry firearms, concealed or otherwise, in public through NLETs [National Law En.forcement Telecommunications Sys- , tern].”
20 Ill. Admin. Code 1231.10. As we’ll see, these four requirements are not imposed in order to punish nonresidents because of where they live or because Illinois disapproves of other states’ gun regimes. The sole purpose is to protect Illinois residents. The Illinois State Police determines which states make the cut by conducting a fifty-state survey and posting the results on its website. 20 Ill. Admin. Code 1231.110(b), (c). Currently only Hawaii, New Mexico, South Carolina, and Virginia qualify as “substantially similar” in the relevant respects to Illinois. Illinois State Police Firearm Services Bureau, “Frequently Asked Questions: How can I find out if my state’s laws are , considered ‘substantially similar?,’ ” www.ispfsb.com/Public/Faq.aspx (visited Oct. 19, 2016).
Illinois recognizes .certain exceptions for citizens of not “substantially similar” states. A person who has a firearm license from his own state is allowed to carry a firearm in Illinois while hunting or at a firing range or on property whose owner permits him to carry .a gun, 430 ILCS 65/2(a), (b), and if he has a concealed-carry license from his state he can transport a firearm in his car or other vehicle in Illinois as long as he doesn’t remove it from the vehicle. 430 ILCS 66/40(e).
The plaintiffs in this case, nonresidents of Illinois each of whom has a concealed-carry license from his home state, travel to Illinois whether on business or for family or other reasons and want, while they are in Illinois, to be allowed to carry a firearm even if they are not within the exceptions to the restrictions on nonresident gun carrying just listed, but are not allowed to do so because they aren’t residents of states that have firearm laws substantially similar to Illinois’. They argue that Illinois’ refusal to issue concealed-carry licenses to them violates Article IV of, and the Second and Fourteenth Amendments to, the Constitution. The district judge declined to issue a preliminary injunction, precipitating this appeal.
The plaintiffs’ claim to be allowed to carry concealed firearms when they are visiting Illinois would be compelling if the Illinois authorities could reliably determine whether in fact a nonresident applicant for an Illinois concealed-carry license had all the qualifications that Illinois, or states that have concealed-carry laws substantially similar to Illinois, require be met. But while the Illinois state police have ready access to information about Illinois residents (mainly about whether the applicant for a concealed-carry license .has a criminal history or a history of mental illness) that is necessary to determine whether an applicant is eligible to obtain such a license, they lack reliable access to the information they need about- the qualifications of nonresident applicants other than residents of the four “substantially similar” states.
*403 An uncontradicted affidavit from Jessica Trame, the chief of the Illinois Firearms Services Bureau, lists information sources that the Bureau relies on in determining whether an applicant for a concealed-carry license is eligible. They include records of drivers’ licenses and a computerized criminal history records system. There is also the federal database of criminal histories mentioned earlier (NLETS) that the police can access, but it is incomplete because many states submit incomplete information on their arrest and prosecution records to the database. And while the Illinois Bureau can request information from local jurisdictions (cities, counties, etc.) in other states, those jurisdictions charge for the information; and the Bureau claims without contradiction that it lacks the funds required to pay the charges (Illinois state agencies are notoriously underfunded). The Bureau has for example encountered significant difficulties in its efforts to obtain mental health information about residents of other states; many of those states don’t track such information.
But it’s not just the initial application process that has Illinois concerned. Illinois needs reliable information in order to be able to monitor the holders of gun permits, which are good for five years. 430 ILCS 66/50, 66/35. So after issuing a concealed carry license Illinois checks its own databases daily and national ones quarterly for updates that might require a license to be revoked. But it is unable to obtain updates from states that don’t track or report the information. This practical need explains all four of the requirements for “substantially similar” gun laws listed above.
All this said, the plaintiffs do make some apt criticisms of the Illinois law. They point out for example that the concealed-carry license of an Illinois resident is not revoked or reassessed if he returns from a trip to, or a sojourn in, another state, even though the Illinois authorities will not know what he did in that state—whether for example he committed a crime or had a mental breakdown. And anyone who lives in Illinois or one of the four substantially similar states is eligible to obtain an Illinois concealed-carry license even if he had become a resident of such a state recently, having spent many years living in dissimilar and therefore non-approved states, with Illinois (and, presumably, the substantially similar state as well) unable to obtain information about his possible criminal or mental problems in those states.
So the Illinois law regulating the concealed-carry rights of nonresidents is imperfect. But we cannot say that it is unreasonable, so imperfect as to justify'the issuance of a preliminary injunction. Cf. Moore v. Madigan, supra, at 940. The critical problem presented by the plaintiffs’ demand—for which they offer no solution—-is verification. A nonresident’s application for an Illinois 'concealed-carry license cannot be taken at face value. The assertions in it must' be verified. And Illinois needs to receive reliable updates in order to confirm that license-holders remain qualified during the five-year term of the license. Yet its ability to verify is extremely limited unless the nonresident lives in one of the four states that have concealed-carry laws similar to Illinois’ law.' A trial in this case may cast the facts in a different light, but the plaintiffs have not made a case for a preliminary injunction.
Affirmed